

**ORDERED in the Southern District of Florida on July 05, 2011.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                        Case No.   10-31229 BKC-AJC

JENNY DUCRET,

      Debtor.                          Chapter 13

_____/

### ORDER OVERRULING OBJECTION TO CONFIRMATION

THIS CAUSE came before the Court for hearing on February 16, 2011 upon the Trustee's Notice of Deficiency for Confirmation (DE 63). In her Notice, the Trustee raises the issue of whether the proposed plan's applicable commitment period can be reduced from 60 months to 36 months. The Debtor asserts she experienced an unusual and significant change in financial circumstances that lowers her above-median income status to below-median, thereby allowing her to reduce her applicable commitment period under 11 U.S.C. § 1329(a).

**Undisputed Facts**

The Debtor, Jenny Ducret, filed a Petition on July 25, 2010. At the time of filing, the Debtor's disposable income status was above-median. At this time and until September 2010,

Debtor's husband was part of the household and was contributing $8,000.00 toward household income. In September 2010, Debtor's husband left the home and now contributes only $1,800.00 per month. This reduction in income reduced the Debtor's income level to below median. Debtor filed an amended plan, reducing the applicable commitment period from 60 months to 36 months. Trustee, in her Notice, objects to confirmation of the Amended Plan on the basis that it does not commit the Debtor for a 60 month period.

## Discussion

Title 11 permits a plan to be modified to reduce the applicable commitment period. Section 1329(a)(2) of the Bankruptcy Code states that "[a]t any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the Debtor, the trustee, or the holder of an allowed unsecured claim, to—(2) extend or reduce the time for such payments." While a plan has not yet been confirmed in this case, the Court nonetheless believes a debtor who demonstrates she has below median income at the time of confirmation can propose a plan with an applicable commitment period of 3 years, or 36 months, while an above median debtor must propose a plan lasting 5 years, or at least until all unsecured creditors are paid in full. 11 U.S.C. §1325(b)(4)(A)-(B).

"Disposable income" is defined as current monthly income less amounts reasonably necessary to be expended. *Hamilton v. Lanning*, 130 S. Ct. 2464, 2469 (2010). "Current monthly income" is determined by "averaging the Debtor's monthly income during what the parties refer to as the 6-month look-back period, which generally consists of the six full months preceding the filing of the bankruptcy petition." *Id.* at 2470.

There are two approaches to calculating disposable income. *Id.* at 2469. The first theory, the mechanical approach, is advocated by the Trustee in this case. The mechanical approach

reads 11 U.S.C. § 101(10A) strictly, calculating current monthly income by using the average income during the six month period prior to the filing of the petition. *Id.* at 2470.

The second approach is the "forward-looking" approach. This was the approach taken by the U.S. Supreme Court in *Lanning*. *Id.* at 2469. In *Lanning*, a Debtor was classified as above median because in the six-months prior to filing, she had received a one-time buyout which inflated her disposable income. *Id*. at 2470. The Debtor filed a 36-month plan and the trustee objected. *Id.* The trustee argued the proper way to calculate disposable income is by looking to the six-month period prior to filing. *Id.* The Court said that "a court taking the forward-looking approach should begin by calculating disposable income, and in most cases, nothing more is required. It is only in unusual cases that a court may go further and take into account other known or virtually certain information about the Debtor's future income or expenses." *Id.* at 2475. The Court rejected the mechanical approach, stating that "[i]n cases in which a Debtor's disposable income during the 6-month look-back period is either substantially lower or higher than the Debtor's disposable income during the plan period, the mechanical approach would produce senseless results." *Id*. The Court held that "when a bankruptcy court calculates a Debtor's projected income, the court may account for changes in the Debtor's income or expenses that are known or virtually certain at the time of confirmation." *Id*. at 2478.

The Court finds *Lanning* controlling in this case. Here, as in *Lanning,* the Debtor's income during the six months prior to filing the petition is not what her income is currently. *Id*. at 2470. After *Lanning*, a court can use the forward-looking approach and adjust the calculation of disposable income in unusual cases. *Id*. at 2475. Thus, using this "forward-looking" approach, the Court can choose to reduce the Debtor's number of plan payments if the Debtor's income no longer qualifies her as above-median. According to *Lanning*, this can only occur in an unusual

circumstance and if the change in income is known or virtually certain. *Id*. at 2478. Here, the Debtor's change in financial circumstances does appear to be unusual because her husband, the primary income-earner, left the household. Instead of contributing $8,000.00 per month, he is now only contributing $1,800.00, resulting in a significant drop in income for the Debtor. The Trustee agrees that this situation was out of the Debtor's control. The circumstances are also currently known and certain. The Court believes these circumstances constitute an unusual circumstance justifying the use of the forward-looking approach. Using the forward-looking approach, the Debtor's disposable income is now below median and a proposed plan of 36 monthly payments may be confirmed, if the plan is otherwise confirmable under the Code.

The Trustee cites *In re Tennyson,* 611 F.3d 873, 878 (11th Cir. 2010) to support her position, but the issues in this case are distinguishable from those issues in *Tennyson*. The court in *Tennyson* held that the applicable commitment period is a temporal requirement, and recognized that 11 U.S.C. § 1329(a)(2) allows modification of the length of a plan. *Id.* at 879-880. However, the court in *Tennyson* did not address a change in financial circumstances that caused an above-median Debtor to become below-median, as is the case here. *Tennyson* dealt with an above-median Debtor who had no disposable income. *Id.* at 875. The court found that the required length of his applicable commitment period was five years. *Id.* at 880. In this case, the Debtor has become a below-median Debtor under the "forward-looking" approach, given her substantial change in income. The Debtor's income at the time of filing the petition is much higher than her income throughout the applicable commitment period. In *Tennyson*, the Debtor's income did not change. *Id.*

This case presents "unusual circumstances" as described in *Lanning*. Therefore, the Court will calculate the Debtor's disposable income according to the forward-looking approach, which

results in the determination that the Debtor's disposable income is below median, thereby entitling Debtor to propose a 36 month plan.

It is therefore

ORDERED AND ADJUDGED that the Trustee's objection, as raised in the Notice of Deficiency, regarding the applicable commitment period for the Debtor's proposed plan is OVERRULED and the Debtor may file a plan which proposes a 36 month commitment period.

###

Copies furnished to:

Nancy Herkert, Chapter 13 Trustee
Lawrence Shoot, Esq.

Attorney Shoot is directed to serve a conformed copy of this order upon all interested parties immediately upon receipt of same and shall file a certificate of service with the Court.